**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo MURILLO, Defendant–**
**Appellant.**

No. 07–16076.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2008.*

Filed March 11, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Camille Damm, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Daniel J. Albregts, Esq., Daniel J. Albregts, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Ricardo Murillo, a federal prisoner, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2255. We affirm. Because the parties are familiar with the factual and procedural history, we will not recount it here.

Murillo claims he received ineffective assistance of counsel when his trial attorneys failed to file a notice of an alibi defense. We review both a district court's denial of a federal prisoner's 28 U.S.C. § 2255 petition and an ineffective assistance of counsel claim de novo. *See United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir. 2003).

The district court properly denied Murillo's claim. To establish an ineffective assistance of counsel claim, Murillo must first demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While "[j]udicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, 104 S.Ct. 2052, "defense counsel must, 'at a minimum, *conduct a reasonable investigation* enabling [them] to make informed decisions about how best to represent [their] client.'" *Rios v. Rocha,* 299 F.3d 796, 805 (9th Cir.2002) (quoting *Sanders v. Ratelle,* 21 F.3d 1446, 1456 (9th Cir.1994)) (emphasis in original).

Here, the decision by Murillo's attorneys not to file a notice of an alibi defense resulted not from insufficient investigation, but from a reasonable evaluation of the information available to them at the time. Counsel conducted a "reasonable investigation" by deputizing their experienced lead investigator to interview all four of the potential alibi witnesses Murillo named. They then called the two witnesses whom they deemed credible and useful to Murillo's defense to testify.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

However, counsel made a conscious decision that the witnesses' information did not amount to an actual alibi, and thus that they were not required to file a notice of an alibi defense under Federal Rule of Criminal Procedure 12.1. Instead, they made a strategic choice to use the testimony to attempt to impeach the government's only eyewitness to the murder. Under these circumstances, the district court correctly concluded that defense counsel's decision was a strategic choice made after an adequate investigation which cannot be considered deficient performance under *Strickland.*

■ Even if Murillo could establish that his trial counsel's performance was constitutionally deficient, Murillo must also show that he was prejudiced by that performance. *See Strickland,* 466 U.S. at 692, 104 S.Ct. 2052. To do so, Murillo must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. We have previously held that " 'ineffective assistance of counsel claims ... must be considered in light of the strength of the government's case.' " *Hart v. Gomez,* 174 F.3d 1067, 1072 (9th Cir.1999).

The district court properly concluded that Murillo failed to establish that counsel's decision not to file a notice of an alibi defense prejudiced the outcome of his trial. First, even without the notice of an alibi defense, the jury heard Mary Perez and Rochelle Del Carmen's testimony. Second, Murillo was not prejudiced because of the "overwhelming" strength of the government's case against him. *See id.* The so-called "alibi" evidence would not have accounted for Murillo's whereabouts after

3 a.m., during the period the evidence indicated the murder occurred. Additionally, the government introduced physical evidence and the testimony of co-conspirators to corroborate Diana Hironaga's eyewitness testimony that Murillo was the killer. Given the strength of the government's case against Murillo, the district court correctly concluded that Murillo had not demonstrated *Strickland* prejudice.

**AFFIRMED.**